IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-25 |
| CHARLES BANKS | : | |

## GUILTY PLEA MEMORANDUM

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Martin E. Howley, Jr., Assistant United States Attorney for the district respectfully submits this guilty plea memorandum. The guilty plea hearing is scheduled for July 17, 2024.

**I.     INTRODUCTION**

The defendant is charged by indictment with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). The defendant has agreed to plead guilty to Count One of the indictment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and the parties agree to jointly recommend the following sentence: a sentence within the range of 57 to 71 months' imprisonment, a three-year period of supervised release, a fine, if any, to be determined by the Court, and a $100 special assessment. The plea agreement is provided to the Court as Exhibit A.

## II. ELEMENTS OF THE OFFENSE

Count One: Possession of a Firearm by a Felon

To obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove the following elements beyond a reasonable doubt:

1. The defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;
2. The defendant was aware that he had been convicted of such a crime;
3. That after this conviction, the defendant knowingly possessed a firearm or ammunition; and
4. That the firearm or ammunition was in or affecting interstate commerce.

Third Circuit Model Criminal Jury Instruction § 6.18.922G; *see also United States v. Higdon,* 638 F.3d 233, 239-40 (3d Cir. 2011); *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000); amended to comply with *Rehaif v. United States,* 139 S. Ct. 2191 (2019).

## III. MAXIMUM PENALTIES

Count One (Possession of a firearm by a felon): 15 years' imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 special assessment.

## IV. FACTUAL BASIS

Were this case to go to trial, the United States would prove, beyond a reasonable doubt, facts including, but not limited to, the following:

On May 31, 2023, at approximately 10:30 p.m., Philadelphia Police Department officers Kevin Semonelle and Brian Kennedy were on routine patrol in the area of 800 S. Cecil Street in Philadelphia, Pennsylvania. Officer Semonelle saw two males, including defendant Charles Banks, and noted that the defendant appeared to match a patrol alert issued by detectives earlier that same day indicating an active warrant for the defendant's arrest.

Prior to approaching the defendant, Officer Semonelle accessed the patrol alert, compared it to the defendant, and believed they were a match. The officers stopped their car and approached the defendant in the area of 900 S. Cecil Street. Officer Semonelle asked the defendant for his name. In response, the defendant handed over his entire wallet to him. When Officer Semonelle confirmed the defendant's identity, he took him into custody pursuant to the arrest warrant.

Officer Semonelle frisked the defendant and removed a Ruger, Model EC9S semi-automatic pistol loaded with seven live rounds of 9mm ammunition and an obliterated serial number from the defendant's right front waistband. While they were resetting the defendant's handcuffs, the defendant asked the officers if they would throw the gun away. Officer Semonelle said no, and reminded the defendant that their body-worn cameras were on.

After being transported to the detective division for processing, the defendant ultimately agreed to give a videotaped post-*Miranda* statement to detectives. The defendant went on to admit that he was apprehended with a pistol. During their conversation the defendant separately confirmed that he had a prior felony conviction.

At the time of his arrest and the recovery of the firearm, the defendant had previously knowingly pled guilty in the Court of Common Pleas, Philadelphia County, to a felony punishable by a term exceeding one year under docket number CP-51-CR-0001986-2015. In that matter, the defendant executed a written guilty plea colloquy advising him that he could be imprisoned for a term exceeding one year.

The recovered firearm was later test-fired and determined to be operable by a ballistician assigned to the Philadelphia Police Department's Firearms Identification Unit. It therefore meets the definition of a firearm under 18 U.S.C. § 921(a)(3). A Special Agent with the Bureau of

Alcohol, Tobacco, Firearms, and Explosives determined that the firearm was manufactured outside the Commonwealth of Pennsylvania, and thus traveled in and affected interstate commerce.

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea to the indictment.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ *Martin E. Howley, Jr.*
MARTIN E. HOWLEY, JR.
Assistant United States Attorney

DATE:   July 10, 2024

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a true and correct copy of the Government's Guilty Plea Memorandum has been served on the following counsel for the defendant via e-mail and electronic filing on this date:

Katrina Young, Esq.<br>
601 Walnut Street – Suite 540 West<br>
Philadelphia, PA 19106

      <u>/s/ *Martin E. Howley, Jr.*</u>
      MARTIN E. HOWLEY, JR.
      Assistant United States Attorney

DATE: July 10, 2024